David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| Becky Harris,<br><br>Plaintiff,<br>v.<br><br>Nissan-Infiniti LT, Specialized Loan Servicing LLC, and Experian Information Solutions, Inc.,<br><br>Defendants. | : Civil Action No.:<br>:<br>:<br>: **COMPLAINT FOR DAMAGES**<br>: **PURSUANT TO THE FAIR CREDIT**<br>: **REPORTING ACT, 15 U.S.C. § 1681, ET**<br>: **SEQ.**<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>: |

### INTRODUCTION

1.   The United States Congress has found the banking system is dependent upon fair and

accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the

banking system, and unfair credit reporting methods undermine the public confidence,

which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.  The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3.  Becky Harris ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Specialized Loan Servicing LLC ("SLS"), Nissan-Infiniti LT ("Nissan"), and Experian Information Solutions, Inc. ("Experian") (or jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

4.  Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

2

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F. Supp. 2d 941, 946 (D. Nev. 2011).

6.  This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Experian has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

8.  Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.  Defendant SLS is a limited liability company doing business in the State of Nevada. Nissan is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

10. Defendant Nissan is a business trust doing business in the State of Nevada. Nissan is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

11.     Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

12.     Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### GENERAL ALLEGATIONS

13.     On or about 6/16/2011, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. § 701 *et seq*. Plaintiff's case was assigned Case Number 11-19489-mkn (the "Chapter 7" or "Bankruptcy").

14.     The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

15.     On September 19, 20122, Plaintiff's Chapter 7 obligations were discharged.

16.     None of the Defendants named herein successfully filed for, and obtained a court order declaring, their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

17.     Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy on 7/16/2015.

18.     Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory

collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

19.     However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

20.     Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on each respective Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

21.     Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

22.     The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

23.     Courts rely on such guidance to determine furnisher liability.  *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

24.     On information and belief, Defendants herein adopted and at all times relevant implemented the Metro 2 format.

25.     On information and belief, each furnisher-Defendant named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an

integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

26.     Despite Metro 2 Format's instructions, each furnisher-Defendant named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy.

27.     In turn, each of the credit reporting agencies named herein, rereported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

28.     To this end, the adverse reporting on the Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

29.     A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

**THE EXPERIAN VIOLATIONS**

**SLS Misreported Credit Information**

**RE: Account No. 1004 XXXXXX**

30.     In an Experian credit report dated May 27, 2015 ("May 2015 Experian Report"), SLS inaccurately reported that the "status" of Plaintiff's account indicated that a balloon payment of $32,262 was owed even though SLS's debt was discharged in the Bankruptcy.  It was therefore inaccurate for SLS to report a balance any greater than $0.

31.     SLS also reported the account "status" indicated that a "balloon payment" of $32,262 would be due November 2021 – after any reporting of Plaintiff's Chapter 7 bankruptcy

would have ceased. Reporting the "balloon payment" was also inaccurate, since the Plaintiff performed all obligations required under the Chapter 7 and obtained a discharge. Moreover, SLS was paid according to the Chapter 7 Plan by the Chapter 7 Trustee and it was inaccurate for SLS to report the "balloon payment" after the Chapter 7 filing, since the Plaintiff fully performed all obligations owed to SLS after filing the Chapter 7.

32. On or about September 2, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed SLS's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by SLS.

33. Specifically, Plaintiff sent a letter to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

34. Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified SLS of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

35. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

36. On or about September 21, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 0269-7707-32) ("September 21, 2015 Experian Reinvestigation") that SLS and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated". Experian also represented to Plaintiff that it had "completed the processing of your dispute(s)."

37. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 7 bankruptcy, met her obligations thereunder, and obtained a discharge.

38.     SLS and Experian failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and/or 1681i(a), respectively, and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

39.     SLS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a), respectively.

40.     SLS and Experian re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, SLS and Experian continued to report the "$32,262 "balloon payment" was due November 2021.

41.     SLS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a), respectively.

42.     Due to SLS's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C) and/or 1681e(b), respectively.

43.     Plaintiff's Experian Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, the Plaintiff requested that in the event Experian failed to make the requested corrections identified in the Plaintiff's Experian Dispute Letter that Experian include a statement on the Plaintiff's credit report stating that the instant account was disputed. However, Experian failed to provide such a statement and thereby breached its statutory obligations under 15 U.S.C. § 1681i(b).

44.     Plaintiff's continued efforts to correct SLS's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with SLS and Experian were fruitless.

45.     SLS's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

46.     Also as a result of SLS's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, fear of credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

47.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, SLS and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), 1681i(a) and/or 1681e(b), respectively.

## THE EXPERIAN VIOLATIONS

### Nissan Misreported Credit Information

### RE: Account No. 2507XXXXXX

48.     In the May 2015 Experian Report, Nissan inaccurately reported that it "charged off" the account on multiple occasions July 2011 to August 2011.  This was inaccurate, since Nissan could only report it charged off the account once.

49.     Nissan also reported that the "recent balance" was "$0 as of Apr. 2015."  This was inaccurate and misleading, as it suggested that Plaintiff still owed an obligation on this

debt in April 2015, when in fact Plaintiff fully performed all obligations owed to Nissan after filing the Chapter 7 and was discharged on September 19, 2011.

50.    In her Experian Dispute Letter, and pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Nissan's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Nissan.

51.    Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified Nissan of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

52.    Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

53.    On or about September 21, 2015, Plaintiff received notification from Experian through the September 21 2015 Experian Reinvestigation that Nissan and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated".   Experian also represented to Plaintiff that it had "completed the processing of your dispute(s)."

54.    A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 7 bankruptcy, fulfilled all of her obligations thereunder, and obtained a discharge.

55.    Nissan and Experian failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and/or 1681i(a), respectively, and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

56. Nissan and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a), respectively.

57. Nissan and Experian re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Nissan and Experian continued to inaccurately report that it "charged off" the account on multiple occasions July 2011 to August 2011, and reported that the "recent balance" was "$0 as of Apr. 2015."

58. Nissan and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a), respectively.

59. Due to Nissan's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C) and/or 1681e(b), respectively.

60. Plaintiff's Experian Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, the Plaintiff requested that in the event Experian failed to make the requested corrections identified in the Plaintiff's Experian Dispute Letter that Experian include a statement on the Plaintiff's credit report stating that the instant account was disputed. However, Experian failed to provide such a statement and thereby breached its statutory obligations under 15 U.S.C. § 1681i(b).

61. Plaintiff's continued efforts to correct Nissan's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Nissan and Experian were fruitless.

62.    Nissan's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

63.    Also as a result of Nissan's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, fear of credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

64.    By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Nissan and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), 1681i(a) and/or 1681e(b), respectively.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

65.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.    The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

67.    As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

68.    As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

///

///

///

13

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 23, 2017

Respectfully submitted,

/s/ David H. Krieger, Esq.
David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129

Attorneys for Plaintiff