UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BECKY HARRIS,

Plaintiff(s),

v.

NISSAN-INFINITI LT, et al.,

Defendant(s).

Case No. 2:17-CV-191 JCM (VCF)

ORDER

Presently before the court is defendant Specialized Loan Servicing LLC's ("SLS") motion to dismiss. (ECF No. 13). Plaintiff Becky Harris filed a response (ECF No. 17), to which SLS replied (ECF No. 19).

**I.    Facts**

This is a Fair Credit Reporting Act ("FCRA") violation action resulting from an alleged erroneous report containing derogatory credit information issued to national reporting agencies. (ECF No. 1 at 2).

On or about June 16, 2011, plaintiff filed for Chapter 7 Bankruptcy ("bankruptcy"). (ECF No. 1 at 4). The bankruptcy court discharged plaintiff's obligations on September 19, 2012. *Id.* Subsequent to the discharge, in an Experian Information Solutions, Inc. ("Experian") report dated May 27, 2015, SLS reported an account "status" for plaintiff that included a "balloon payment" of $32,262, due in November of 2021. *Id.* at 6. Plaintiff disputed the reported information by notifying Experian, in writing, in accordance with 15 U.S.C. § 1681i(a)(2). *Id.* at 7. On or about September 21, 2015, plaintiff received notification from Experian that the account in question was "[u]pdated," and that Experian had "completed processing of [her] dispute(s)." *Id.* Nonetheless, the challenged information was re-reported on plaintiff's report. *Id.* at 8.

On January 23, 2017, plaintiff filed the underlying complaint against defendants SLS, Experian, and Nissan-Infiniti LT ("Nissan"), alleging willfully inaccurate and negative reporting of a discharged debt in violation of the FCRA, 15 U.S.C §§ 1681s-2(b)(1)(D) and (E), 1681i(a) and/or 1681e(b). (ECF No. 1). On March 22, 2017, SLS filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 13).

On April 12, 2017, while SLS's motion was still pending, plaintiff voluntarily dismissed defendant Nissan from this action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 18). Additionally, on August 22, 2017, plaintiff and defendant Experian stipulated to a dismissal of plaintiff's claims against Experian in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii). (ECF No. 32).

## II.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

In the instant motion, SLS argues that plaintiff failed to adequately allege two key elements of a FRCA claim: (1) that SLS reported an inaccurate current or past due balance, or failed to report plaintiff's discharge; and (2) that plaintiff suffered any concrete injury as a proximate result of SLS' actions. (ECF No. 13 at 2). SLS further argues that the complaint should be dismissed with prejudice because plaintiff cannot cure the defects through amendment. *Id.* at 8. The court will address each item in turn.

> *i.    Whether SLS reported an inaccurate balance or failed to report a discharge.*

SLS argues that plaintiff failed to adequately allege that SLS reported an inaccurate current or past due balance, or failed to report plaintiff's bankruptcy discharge. (ECF No. 13 at 2). To prevail on a FCRA claim against a furnisher, a plaintiff must plead that (1) the furnisher provided inaccurate information to a credit reporting agency ("CRA"); (2) the CRA notified the furnisher of a dispute; and (3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Courts have consistently held that a report of a past due balance during a bankruptcy stay does not, by itself, give rise to a claim under the FCRA. *See Riekki v. Bank of Am.,* No. 2:15–cv–2312–GMN–VCF, 2016 WL 8737439, at *2, n.1 (D. Nev. June 10, 2016); *see also Abeyta v. Bank of Am., Nat'l Ass'n,* No. 2:15-cv-02320-RCJ-NJK, 2016 WL 1298109, at *3 (D. Nev. March 31, 2016) (referencing *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1081-82 (C.D. Cal. 2006) (holding that debts may be reported as long as "debts discharged in bankruptcy [] include annotations as to whether the debt was discharged or voluntarily repaid")); *Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 946 (N.D. Cal. 2016) (holding "that reporting delinquent payments during bankruptcy *may* be misleading depending on the circumstances, including whether the report fails to indicate that *a charge is disputed or part of a bankruptcy*" (emphasis added)).

To prevail on an FCRA claim, a plaintiff needs to make a direct allegation that defendant's report of a past due balance constituted an indication that the balance was still outstanding. *Abeyta*, 2016 WL 1298109. In *Abeyta*, the plaintiff failed to directly allege that either the challenged delinquencies never existed or that the report indicated that the debts not only existed, but "were still due and owing" after they were discharged. *Id.* at *2. The court held that, absent specific allegations as to actual "falsity," plaintiff's claim was insufficient to defeat a motion to dismiss. *Id.*

SLS attacks plaintiff's contention that the listed "balloon payment" of $32,262 violates the FCRA. Referencing the holding in *Abeyta*, SLS states that "it is not a violation of the FCRA to report historical information regarding a debt so long as the reporting is accurate. (ECF No. 13 at 4). SLS states that plaintiff's only option would be to amend her complaint to allege either that (1) the provisions of debt in question did not include a balloon payment term, or (2) that SLS failed to report plaintiff's debt as discharged. *Id.* at 5.

The court agrees. Here, plaintiff alludes to the falsity of the SLS report, (ECF No. 1 at 8), but fails to reach the level of specificity necessary to defeat a motion for dismiss. *See Abeyta*, 2016 WL 1298109, at *2. Similarly, plaintiff does not assert that the "balloon payment" was never a term of the debt in question, or that SLS failed to indicate that the reported debt was "discharged" or otherwise reduced to a "zero balance."

Plaintiff mentions that SLS failed to successfully petition for, and obtain, a declaration alleging her debts as "non-dischargeable." (ECF No. 1 at 4). If a plaintiff's debts are non-dischargeable, a bankruptcy would have no effect on them, and a defendant's report of said debts would be justified and valid. *See* 11 U.S.C § 523. However, in the absence of a "non-dischargeable" declaration, as is the case here, a plaintiff's FCRA claim must allege the defendant failed to indicate that the debt was "discharged" or reduced to a "zero-balance." *See Abeyta*, 2016 WL 1298109.

Here, plaintiff only alleges, by reference, that SLS failed to adhere to established reporting standards requiring a debt discharged in bankruptcy to be reported with a notation of "'discharged in bankruptcy' and with a zero balance due," but again fails to elevate her allegation with sufficient factual specificity[1]. (ECF No. 1 at 5). Further, because plaintiff has failed to adequately plead that SLS provided inaccurate information, her claim that SLS violated the established Metro 2 standards need not be addressed at present. However, should plaintiff amend her complaint, any Metro 2 claims should be "substantiate[d] . . . with much more specific allegations" and controlling authority. *Mestayer v. Experian Info. Sols., Inc.*, No. 15-cv-03645-EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016).

### ii. Whether plaintiff suffered a concrete injury that was the proximate result of SLS' actions.

SLS next argues that plaintiff fails to allege she suffered a concrete injury that was the proximate result of SLS' actions, and thus lacks Article III standing as held in *Spokeo v. Robins*, 136 S.Ct. 1540, 1548 (2016). (ECF No. 13). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and

---

[1] "[B]ankruptcy does not prevent the reporting of debt" nor is there "any statute or case providing that discharge in bankruptcy makes a debt unreportable as opposed to uncollectable." *Abeyta*, 2016 WL 1298109, at *2. However, representations that "[a] [p]laintiff still owe[s] a debt and [the] implication that the debt might still be collectible following [a] bankruptcy discharge" constitute an inaccuracy. *Riekki v. Bank of Am.*, No. 2:15-cv-2312-GMN-VCF, 2016 WL 8737439, at *2 (D. Nev. June 10, 2016). Thus, a FCRA claim against a reported past due debt turns not on the reporting itself, but on the implication that the reported debt is still outstanding and owing.

**James C. Mahan**
**U.S. District Judge**

particularized' and 'actual or imminent.'" *Spokeo*, 136 S.Ct. at 1548. Moreover, a concrete injury "must actually exist," and "must affect the plaintiff in a personal and individual way." *Id.*

Upon remand from the Supreme Court in *Spokeo*, the Ninth Circuit held that the plaintiff pled "actual harm to [his] employment prospects" as well as "anxiety, stress, concern, and/or worry," as a result of defendant's inaccurate reporting, which was a sufficient allegation of a concrete injury. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017); *see also Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2017) (holding that plaintiffs who paid more for their homes than the homes were worth, as a result of defendant's disclosures, sufficiently proved injury-in-fact and had Article III standing to sue the defendant developers). Like the plaintiffs in *Robins* and *Maya*, plaintiff here also pleads "actual harm" in the form of "credit denials," "fear of credit denials," "out-of-pocket expenses," and "emotional distress." (ECF No. 1 at 46). Accordingly, the court holds that plaintiff has sufficiently pled an injury that is "concrete." *See Spokeo*, 136 S.Ct. at 1548.

### iii. *Whether plaintiff can cure the complaint through amendment.*

When granting a motion to dismiss for failure to state a claim, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Courts should "freely" grant leave to amend "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

SLS argues that plaintiff's complaint should be dismissed with prejudice because there is no basis for amendment, and thus leave to amend would be futile. (ECF No. 13). The court disagrees. As stated above, plaintiff's claims failed for lack of factual specificity; a fault that readily lends itself to cure by amendment. SLS provides no compelling argument to the contrary.

Based on the foregoing, the court will grant SLS' motion to dismiss. Plaintiff's complaint will be dismissed without prejudice.

. . .

. . .

## IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant SLS' motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that if plaintiff wishes to request leave to file an amended complaint, she must do so within twenty-one (21) days of the date of this order.

DATED January 11, 2018.

_____
UNITED STATES DISTRICT JUDGE