UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BECKY HARRIS,<br><br>Plaintiff(s),<br><br>v.<br><br>NISSAN-INFINITI LT, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-191 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Becky Harris' motion for leave to file an amended complaint. (ECF No. 41). Defendant Specialized Loan Servicing, LLC ("SLS") filed an opposition to the motion (ECF No. 43), to which plaintiff replied (ECF No. 46).

**I.  Facts**

The instant action involves a purported Fair Credit Reporting Act ("FCRA") violation resulting from an allegedly erroneous report containing derogatory credit information furnished to national credit reporting agencies. (ECF No. 41-1 at 2).

On June 16, 2011, plaintiff filed for Chapter 7 bankruptcy ("bankruptcy") in the United States Bankruptcy Court for the District of Nevada. *Id.* at 4. The court discharged plaintiff's obligations on September 19, 2011.[1] (ECF No. 41 at 3). Subsequent to the discharge, in an Experian Information Solutions, Inc. ("Experian") report dated May 27, 2015, SLS included an account "status" for plaintiff that signaled a "balloon payment" of $32,262 due in November of 2021. (ECF No. 41-1 at 5).

---

[1] A typographical error in plaintiff's original complaint indicated she received her bankruptcy discharge on "September 19, 20122." (ECF No. 1 at 4). Plaintiff's proposed amended complaint corrects the error. (ECF No. 41-1).

**James C. Mahan**
**U.S. District Judge**

Plaintiff disputed the reported information by notifying Experian on September 2, 2015, pursuant to 15 U.S.C. § 1681i(a)(2).[2] *Id.* at 7. On September 21, 2015, plaintiff received notification from Experian listing her account as "[u]pdated" and that Experian had completed processing of her dispute. *Id.* at 8. Experian indicated plaintiff's "[r]ecent balance" as "$0 as of Sep 2011." *Id*. In the updated "status" section of the credit report, the phrase "[d]ischarged through [b]ankruptcy Chapter 7" preceded the contested inclusion of the language referencing a balloon payment. *Id*.

On January 23, 2017, plaintiff filed her initial complaint against defendants SLS, Experian, and Nissan-Infiniti LT ("Nissan"), alleging willfully inaccurate and negative reporting of a discharged debt in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(D) and (E), 1681i(a) and/or 1681e(b). (ECF No. 1). SLS moved to dismiss pursuant to Fed. R. Civ. P. (12)(b)(6).[3] (ECF No. 13). In its order granting the motion, the court held that plaintiff could cure the faults of her complaint through amendment, provided she sufficiently allege that (1) the provisions of the debt in question did not include a balloon payment term, or (2) that SLS failed to report plaintiff's debt as discharged. (ECF No. 38 at 4).

In the proposed amended complaint attached to the instant motion, plaintiff states that SLS violated the FCRA by alleging SLS: (1) reported patently incorrect information; (2) reported materially misleading information; and (3) failed to conduct a reasonable investigation regarding the dispute. (ECF No. 41-1).

## II.  Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

---

[2] Plaintiff satisfied the provisions of 15 U.S.C. § 1681i(a)(2) by informing Experian in writing. (ECF No. 41-1 at 7).

[3] On April 12, 2017, while SLS's motion was still pending, plaintiff voluntarily dismissed defendant Nissan pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 18). Additionally, on August 22, 2017, plaintiff and defendant Experian stipulated to a dismissal of plaintiff's claims against Experian in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii). (ECF No. 32).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Rule 15(a)(2) further explains that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

A proposed amended complaint is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, the court must dismiss the plaintiff's claim. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

### III. Discussion

Plaintiff attached her proposed amended complaint to the instant motion, thereby satisfying the relevant portion of Local Rule 15-1(a). (ECF No. 41-1). The court held in its prior order that plaintiff's proposed amended complaint must allege that (1) the provisions of debt in question did not include a balloon payment term or (2) that SLS failed to report plaintiff's debt as discharged. (ECF No. 38 at 4). The court further held that plaintiff's complaint did not adequately allege that she had standing to pursue her claim.[4] *Id.* at 6.

#### a. *FCRA claims against defendant*

To prevail on an FCRA claim against a furnisher, a plaintiff must plead that (1) the furnisher provided inaccurate information to a credit reporting agency ("CRA"); (2) the CRA notified the furnisher of a dispute; and (3) the furnisher failed to conduct a reasonable investigation

---

[4] The standing issue may bear relevance to plaintiff's proposed amended complaint. A proposed amended pleading must be "complete in and of itself without reference to the superseded pleading . . . ." LR 15-1(a). Here, the court cannot consider the previously alleged harms deemed sufficient to establish standing and must focus solely on the proposed amended complaint. *Id*. Plaintiff's proposed amended complaint lists "actual damages in the form of out-of-pocket expenses arising from mailing of her dispute and gas for travel to and from her attorneys' office in challenging SLS' wrongful representations." (ECF No. 41-1 at 11). As plaintiff no longer claims fear of credit denials or emotional distress, it is unclear if she now pleads an actual harm in accordance with Article III's standing requirements. (ECF No. 1 at 12).

into the accuracy of the disputed information, in light of the information provided to it by the CRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

A successful FCRA claim must make a direct allegation that a defendant's report of a past due balance indicates that the balance is still outstanding. *Abeyta v. Bank of Am., Nat'l Ass'n.*, No. 2:15-cv-02320-RCJ-NJK, 2016 WL 1298109, at *2 (D. Nev. March 30, 2016). In *Abeyta*, the plaintiff failed to directly allege that either the challenged delinquencies never existed or that the reports indicated the debts "were still due and owing" after bankruptcy discharge. *Id.* The court held that, absent specific allegations as to actual "falsity," plaintiff's claim was insufficient to defeat a motion to dismiss. *Id*; *cf. Riekki v. Bank of Am.*, No. 2:15-cv-2312-GMN-VCF, 2016 WL 8737439, at *2 (D. Nev. June 10, 2016) (holding that plaintiff properly stated an FCRA claim by alleging that a credit furnisher did not update its reporting to reflect a prior bankruptcy discharge).

i. *Whether SLS reported patently incorrect information*

Information that is inaccurate "on its face" is "patently incorrect." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010);

Plaintiff's primary allegation that SLS reported "patently incorrect" information does not add further specificity to her original complaint, but rather offers a mere recitation of an argument this court deemed insufficient in its previous order. Plaintiff repeatedly references the indication of a balloon payment on her credit report, arguing that such an inclusion is "patently incorrect" because the bankruptcy court discharged this obligation. (ECF 41-1 at 5). As the alleged "patently incorrect information" in her report is the balloon payment itself, plaintiff ignores the court's requirement that the proposed amended complaint show that "the provisions of the debt in question [do] not include a balloon payment term." (ECF No. 38 at 4).

The only substantive difference between plaintiff's original and proposed amended complaints is the inclusion of her Experian credit report. *Id.* at 8. Choosing to include the report not only fails to bolster the merits of plaintiff's claim, but also hinders it. The credit report is pellucid in showing that plaintiff received a bankruptcy discharge, as the report's "status" section states, "[d]ischarged through [b]ankruptcy Chapter 7." *Id*. The court previously held that

James C. Mahan
U.S. District Judge

plaintiff's proposed amended complaint allege that SLS failed to report plaintiff's debt as discharged. (ECF No. 38 at 4). Accordingly, plaintiff's conclusory allegation that SLS reported patently incorrect information does not cure the defects in her original complaint. *See Abeyta*, 2016 WL 1298109 at *2 (holding that a creditor could report any historical information of delinquencies for up to seven years after a bankruptcy discharge).

        *ii.      Whether SLS reported materially misleading information*

As it relates to the FCRA, a "materially misleading" statement refers to information that is misleading "in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)). In her proposed amended complaint, plaintiff contends that the credit report creates an impression that her payment remained due notwithstanding her bankruptcy discharge. (ECF No. 41-1 at 6).

Plaintiff's second allegation does not address the court's holding that she must allege that (1) the provisions of the debt did not include a balloon payment term or (2) that SLS failed to report her debt as discharged. (ECF No. 38 at 4). Plaintiff's credit report, in plain language, indicates an amount of "$0" under "[r]ecent balance." (ECF No. 41-1 at 8). The allegation that SLS reported materially misleading information is not plausible on its face and would not survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Therefore, amendment is futile. *See Moore*, 885 F.2d 531 at 538.

        *iii.     Whether SLS failed to conduct a reasonable investigation*

Pursuant to 15 U.S.C. § 1681s-2(b), SLS had the responsibility of conducting a reasonable investigation into the dispute over plaintiff's credit report. (ECF No. 41-1 at 9). Plaintiff's proposed amended complaint merely recites the elements of the cause of action with conclusory language. *See Iqbal*, 556 U.S. at 678. Plaintiff argues that SLS acted unreasonably in its investigation by verifying "the disputed and inaccurate balloon payment obligation."[5] (ECF 41-1 at 9). It was not "inaccurate" to list the balloon payment obligation as a historical term in the status section of the credit report. *See Abeyta*, 2016 WL 1298101 at *2. Plaintiff's filings do not point

---

[5] Using the terms "disputed" and "inaccurate" in conjunction forms an oxymoron.

to any evidence of an unreasonable investigation, and plaintiff's proposed amended complaint does not contain allegations sufficient to state a claim upon which relief can plausibly be granted.

**IV. Conclusion**

Because plaintiff's proposed amended complaint does not address the two requirements listed by the court in its previous order and includes conclusory language, it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Amendment is therefore futile.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for leave to file an amended complaint (ECF No. 41) be, and the same hereby is, DENIED.

The clerk shall enter judgment accordingly and close the case.

DATED June 7, 2018.

_____
UNITED STATES DISTRICT JUDGE